# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

CORNELIUS BERNARD JOHNSON,   :
AIS 167149,

                          :

       Petitioner,

                          :       CA 13-0635-CG-C

vs.

                          :

CHRISTOPHER GORDY,

                          :

       Respondent.

## REPORT AND RECOMMENDATION

Cornelius Bernard Johnson, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Johnson is challenging the validity of his May 18, 2009 first-degree assault and second-degree assault guilty-plea convictions in the Circuit Court of Mobile County, Alabama; he was sentenced to concurrent twenty-five (25) year terms of imprisonment.[1]  Johnson did not directly appeal his convictions and sentences. Petitioner filed a Rule 32 petition in the Circuit Court of Mobile County, Alabama collaterally attacking his convictions and sentences between August 21, 2009 and September 8, 2009. (*Compare* Doc. 11, Exhibit 1, Johnson's Petition for Writ of Mandamus, at 1 *with* Doc. 11, Exhibit 1, ORDER dated June 17, 2010).) By order dated January 27, 2011, the Mobile

---

[1]      The Circuit Court of Mobile County, Alabama set aside Johnson's second-degree assault conviction on February 6, 2012 (Doc. 11, Exhibit 1, February 6, 2012 Evidentiary Hearing Transcript) and, ultimately, that charge was nolle prossed on April 8, 2013 (Doc. 11, Exhibit 1A).

County Circuit Court summarily dismissed all of Johnson's Rule 32 claims related to his first-degree assault conviction and sentence but set his collateral petition down for an evidentiary hearing with respect to whether he was "advised of the correct minimum and maximum sentence [o]n the Assault Second offense[.]" (Doc. 11, Exhibit 1, ORDER, at 12 & 13.) At an evidentiary hearing on February 6, 2012, the trial court set aside Johnson's plea of guilty to second-degree assault and appointed an attorney to represent petitioner with respect to that charge. (*See* Doc. 11, Exhibit 1, Evidentiary Hearing Transcript, at 24-26.) Thereafter, Johnson filed an appeal. (Doc. 11, Exhibit 2.) The Alabama Court of Criminal Appeals affirmed the trial court's judgment by unpublished memorandum opinion issued on September 14, 2012. (Doc. 11, Exhibit 4.) Johnson's application for rehearing was overruled on December 21, 2012 (Doc. 11, Exhibit 6) and the Alabama Supreme Court denied his petition for writ of certiorari on August 16, 2013 (Doc. 11, Exhibit 8). A certificate of final judgment of affirmance issued that same day. (*See id*.)

In his petition before this Court, filed December 20, 2013 (*see* Doc. 1, at 13), Johnson raises the following issues which he claims entitle him to federal habeas corpus relief: (1) the trial court failed to advise him of the proper mandatory maximum and minimum sentences he faced prior to entry of his guilty pleas; (2) the trial court erred in treating his guilty pleas to first-degree assault and second-degree assault as two separate and distinct pleas; and (3) ineffective assistance of counsel. (*See* Doc. 1, at 6-7 & Attachment, at 4-9.)

This cause is before the Court on the petition with attachments (Doc. 1), respondent's answer with attachments (*see* Doc. 11), and petitioner's response (Doc. 13) to the undersigned's May 14, 2014 order regarding whether this Court is procedurally barred from reaching the merits of the claims he has raised in his federal habeas corpus petition (*see* Doc. 12). A careful review of the record has been completed and it is determined that it contains sufficient facts upon which the issues under consideration may be properly resolved. Therefore, no evidentiary hearing is required. *Compare Means v. Secretary, Dep't of Corrections,* 433 Fed.Appx. 852, 855 (11th Cir. July 12, 2011) ("[W]here 'the record refutes [a petitioner's] factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.'") (citation omitted)), *cert. denied,* 132 S.Ct. 1580, 182 L.Ed.2d 198 (2012) *with Allen v. Secretary, Florida Dep't of Corrections,* 611 F.3d 740, 745 (11th Cir. 2010) ("A district court is not required to hold an evidentiary hearing if the claims 'are merely conclusory allegations unsupported by specifics,' . . . or 'if the record refutes the applicant's factual allegations or otherwise precludes habeas relief[.]'"), *cert. denied*, 131 S.Ct. 2898, 179 L.Ed.2d 1192 (2011).

## FINDINGS OF FACT

Johnson entered counseled guilty pleas to charges of first-degree assault and second-degree assault in the Circuit Court of Mobile County, Alabama on May 18, 2009. (Doc. 11, Exhibit 1, Guilty Plea Transcript, at 2-17.) The trial court explained to Johnson that on the first-degree assault charge he was facing a

minimum sentence of twenty (20) years and a maximum of life imprisonment in light of the applicability of Alabama's Habitual Felony Offender Statute. (*See id.* at 2.) Initially, it appeared that Johnson would not enter change of pleas and would go to trial on the assault charges (*see id.* at 4-6 & 8-9); however, during the course of jury selection, Johnson changed his mind and entered counseled guilty pleas to first-degree assault and second-degree assault (*see id.* at 10-17).

> [T]he State would expect the evidence to be that on or about the date of October the 20th, 2007, that the victims, Frank Seals and Kevin Clark, who are both here in court today, after work one night went to the club called The Jungle at 4130 Government Street in Mobile County. The Defendant, as they were walking out of the club that night, shot at both of them. Mr. Clark, who is here, received injuries to the top of his shoulder. He was taken to Springhill . . . Memorial and released. Mr. Seals, Frank Seals that (sic) is present, was shot [i]n two[] different places – in his thigh and behind his knee. He [] underwent several surgeries and was kept at the hospital for six days. He still has problems walking, a[nd] this morning was having to stand up because of the injuries to his leg, permanent injury that he has based upon what the Defendant did.

> And the State would expect that there would be evidence [] that . . . both of them were treated at the hospital for gunshot wounds.

(*Id.* at 13.) The trial court accepted Johnson's guilty pleas to the charges and sentenced him to concurrent twenty-five (25) year terms of imprisonment. (*Id.* at 14-17.)

Johnson did not directly appeal his convictions and sentences. (*Compare* Doc. 11, at 2 ("Johnson did not appeal from his convictions and sentences.") *with* Doc. 11, Exhibit 1, Johnson's Petition for Writ of Mandamus, at 3 ("On August 21, 2009, Petitioner filed a Rule 32 Post-Conviction Petition in the Mobile Circuit

Court challenging his Guilty Plea to ASSAULT 1st Degree and ASSAULT 2nd Degree.").) If petitioner had, indeed, directly appealed his convictions and sentences following the entry of guilty pleas on May 18, 2009—as he appears to represent in his § 2254 petition (*see* Doc. 1, at 3)—there would have been no reason for him to file a Rule 32 petition in the Circuit Court of Alabama between August 21, 2009 and September 8, 2009, as it is clear he did (*compare* Doc. 11, Exhibit 1, Johnson's Writ of Mandamus, at 1 *with* Doc. 11, Exhibit 1, June 17, 2010 ORDER). Therefore, it is clear that Johnson did not directly appeal his convictions and sentences.

By order dated January 27, 2011, the Mobile County Circuit Court summarily dismissed all of Johnson's Rule 32 claims related to his first-degree assault conviction and sentence but set his petition down for an evidentiary hearing with respect to whether he was "advised of the correct minimum and maximum sentence [o]n the Assault Second offense[.]" (*See* Doc. 11, Exhibit 1, January 27, 2011 Order.) The trial court conducted an evidentiary hearing on February 6, 2012 (Doc. 11, Exhibit 1, Evidentiary Hearing Transcript), during which the following occurred:

> THE COURT:   Okay. Mr. Johnson, you are here on a Rule 32. You allege that you had ineffective assistance of counsel. And you further alleged, I think, that you were not properly instructed as to the minimum and maximum sentences . . . that could be imposed in an assault-in-the-second-degree case.
>
> Is that right?
>
> THE DEFENDANT:   Yes, sir.

THE COURT:   All right. I ruled that . . . you didn't sufficiently show that you were ineffectively assisted.

And what about . . . the advice as to the minimum and maximum punishment for assault in the second degree?

.          .          .

MS. MARSHALL: . . . On Page 2 of the plea colloquy, he was advised correctly about the assault first. Your Honor advised him, based on his three priors and it being a Class B, he was subject to twenty to life or ninety-nine years.

As to the assault second, Judge, which was the Class C felony, with three priors, as you know, the minimum is fifteen and the maximum is life. However, on Page 3 of the colloquy, he was advised two to twenty years.

There is another reference later on, after he pled guilty, on Page 16 of the guilty-plea colloquy, to something about twenty to life, but that was from his lawyer, and that's also incorrect. It's fifteen to life, Judge.

So, based on the State's reading, he is correct that he wasn't advised correctly as to the assault-second offense.

.          .          .

THE COURT: . . . I am going to set aside the plea with regards to the assault-in-the-second-degree plea of guilty. And I am going to set it down for either a disposition where you can either plead guilty or a trial on that particular offense.

And . . . I guess maybe what I need to do is appoint you a lawyer. . . . And I am going to appoint you Jason Darley to represent you in this matter. . . . And I will contact him, or my office will, and tell him to come see you in jail. . . . I'm going to ask the jail to hold you, if they will, for a day or two so that your lawyer can get down here and talk to you.

.          .          .

And I want you to understand –I will tell Mr. Darley, too – if you choose to go to trial on the assault second, and you're found not guilty, then you are not guilty of that offense.

If you go to trial and you are found guilty, I would then be sentencing you somewhere between not less than fifteen years nor more than life in the state penitentiary. That sentence, among a number of options, could be probated, or it could be run concurrently as your sentence is being done now, or it could be run consecutive, being at the end of your sentence that you're serving for assault in the first degree.

Your attorney needs to assess all of that, look at the case, and make a determination if you want to either plead guilty or go to trial. Okay?

THE DEFENDANT:    Can I say something?

THE COURT:    Uh-huh.

THE DEFENDANT:    Okay. From my understanding of <u>Andrews versus</u> State, that by both of these cases being a part of one guilty plea, part of a plea agreement, both cases should be set aside.

THE COURT:    Well, your understanding is incorrect.

You pled guilty to both offenses.

THE DEFENDANT:    Right.

THE COURT:    The colloquy was directed towards both offenses. And although you entered a plea of guilty at one setting, you pled to both offenses. And, therefore, it's not one event that was a global plea to both offenses; they were done separately.

So talk to your lawyer . . . . Let the lawyer give his best advice. And Mr. Darley is a good lawyer.

(*Id.* at 1, 2-3, 5, 6, 6-7 & 7.) Johnson filed written notice of appeal on March 15,

2012 (Doc. 11, Exhibit 1, Notice of Appeal to the Court of Criminal Appeals of

Alabama) and raised the following issues on appeal:

> WHETHER PETITIONER'S GUILTY PLEA TO ASSAULT
> SECOND DEGREE AND ASSAULT FIRST DEGREE IS
> RENDERED INVOLUNTARY AS A RESULT OF THE CIRCUIT
> COURT FAILING TO PROPERLY INFORM OF THE MINIMUM
> AND MAXIMUM RANGE OF PUNISHMENT BEFORE
> ACCEPTING HIS PLEA?

> WHETHER THE TRIAL COURT ERRED [IN] TREATING
> PETITIONER['S] PLEA OF GUILTY TO ASSAULT FIRST DEGREE
> AND ASSAULT SECOND DEGREE AS TWO (2) SEPARATE AND
> DISTINCT GUILTY PLEA[]S WHEN THERE WAS ONE (1) PLEA
> AND [] TWO (2) OFFENSES?

(DOC. 11, Exhibit 2, at 7.) The Alabama Court of Criminal Appeals affirmed the

trial court's judgment by unpublished memorandum opinion issued on

September 14, 2012. (Doc. 11, Exhibit 4.)

Johnson's first argument, that his guilty plea to first-degree assault and second-degree assault was rendered involuntary as a result of the circuit court failing to properly inform of the maximum and minimum range of punishment before accepting his plea, because he was not advised of the firearm enhancement under § 13A-5-6(a)(5), Ala. Code 1975, was not raised in the circuit court.

However, "[a]n appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition." Arrington v. State, 716 So.2d 237, 239 (Ala. Crim. App. 1997). Therefore, Johnson is due no relief on this claim.

Johnson's second argument was that he was not informed of the correct range of punishment in CC-06-2826, the second-degree assault case, and adds a claim that the trial court erred by treating petitioner's pleas of guilty to first-degree assault and second-degree assault as two separate and distinct guilty pleas when there was only one plea to two offenses.

.     .     .

Thus, it is clear from the record that Johnson knew that he was entering two separate guilty pleas, one to the offense of

first-degree assault and the other guilty plea to second-degree assault.

In his brief, Johnson completely fails to provide any authority holding that if a plea of guilty to one of two offenses arising from the same incident is set aside, the other plea should also be vitiated. He merely cites general authority regarding the effect of a failure to advise a defendant of the correct range of punishment.

When a brief states general propositions but fails to make specific application of those propositions to the ruling assigned as error, it is waived and will not be considered on appeal . . . .

Where an appellant fails to cite any authority for an argument, this Court may affirm the judgment on those issues, for it is neither the Court's duty nor its function to perform all the legal research for an appellant.

For the foregoing reasons, the judgment of the circuit court is due to be affirmed.

(*Id.* at 3-4 & 4-5 (some internal quotation marks and citations omitted).) On application for rehearing, petitioner raised three issues; the same two issues that he raised initially to the Alabama Court of Criminal Appeals and the additional issue of "WHETHER THE APPEAL COURT ERROR IN AFFIRMING THE TRIAL COURT JUDGMENT IN THE CASE[.]" (Doc. 11, Exhibit 5, at 6.) Petitioner's application for rehearing was overruled on December 21, 2012. (Doc. 11, Exhibit 6.)

Johnson filed a petition for writ of certiorari on or about January 4, 2013 (Doc. 11, Exhibit 7, at 14), raising the following issue: "Whether petitioner guilty plea to assault in the first degree and assault in the second degree is rendered

involuntary as a result of the circuit court failing to properly inform of the maximum and minimum range of punishment before accepting his plea?" (*Id.* at 8.)[2] The Alabama Supreme Court denied Johnson's writ of certiorari on August 16, 2013, and issued the certificate of final judgment of affirmance that date. (Doc. 11, Exhibit 8.)

As aforesaid, in his petition before this Court, filed December 20, 2013, Johnson raises the following issues which he claims entitle him to federal habeas corpus relief: (1) the trial court failed to advise him of the proper mandatory maximum and minimum sentences he faced prior to entry of his guilty pleas; (2) the trial court erred in treating his guilty pleas to first-degree assault and second-degree assault as two separate and distinct pleas; and (3) ineffective assistance of counsel (*see id.* at 6-7 & Attachment, at 4-9). In his answer, the respondent contends that this Court is procedurally barred from reaching the merits of all of petitioner's claims. (Doc. 11, at 8-13.) In an order dated May 14, 2014, this Court explained that although it was not as sure as was the Alabama Court of Criminal Appeals that Johnson had defaulted his sentencing range claim based upon the specific reason identified by the respondent (*see* Doc. 12, at 2-3 & n. 2), it was clear to the undersigned that petitioner's other two claims (i.e., ineffective assistance of counsel and the trial court's treatment of his guilty pleas) had been procedurally defaulted due to petitioner's failure to properly present

---

[2] As previously indicated, the second-degree assault charge was nolle prossed on April 8, 2013. (Doc. 11, Exhibit 1A.)

these claims "to the Alabama Supreme Court." (*Id.* at 4; *see also id.* at 3.)[3]  In response to the Court's order, petitioner agrees that his claims of ineffective assistance of counsel and "treatment of the plea" have been procedurally defaulted (Doc. 13, at 1) but argues, with respect to the ineffective assistance of counsel claim, that since the cause and prejudice exception applies, this Court may consider the merits of all claims of ineffective assistance of counsel (*see id.* at 2). [4]  In this regard, Johnson contends that he did not know he could raise his ineffective assistance of counsel claim(s) on appeal and, further, his "new counsel" never advised him that he could have raised these claims on appeal of the denial of his Rule 32 petition.

As for his "sentencing range" claim, petitioner simply contends that he disagrees with the respondent that he defaulted this claim by failing to raise it in the Circuit Court of Mobile County, Alabama (Doc. 13, at 3), and points to evidence in the record that he effectively raised this claim in his December 2, 2009 amendment to his Rule 32 petition (*see* Doc. 11, Exhibit 1, at 61 ("Petitioner contends that his Guilty Plea was involuntarily entered because the Trial Court failed to properly advise the Petitioner of the mandatory minimum and maximum possible punishment and penalty before accepting his Guilty Plea, as

---

[3]     In truth, Johnson did not present his ineffective assistance of counsel claim to the Alabama Court of Criminal Appeals either.

[4]     Johnson does not assert cause or prejudice for the default of his "treatment of the pleas" claim. (*See* Doc. 13, at 3 ("Petitioner avers that he never listed in his 'writ of certiorari' but petitioner did argue this claim, but did not properly raise it, as a result 'procedural default.'").)

required by Rule 14.4(a)(i)(ii), A.R.CR.P., ***including any Enhanced Sentencing provisions***." (emphasis supplied))).

## CONCLUSIONS OF LAW

### A. Procedural Default Doctrine.

In *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the Supreme Court stated that it would "not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.* at 729, 111 S.Ct. at 2553-2554. This rule applies whether the state law ground is procedural or substantive. *Id.* at 729, 111 S.Ct. at 2554. The doctrine applies to bar federal habeas review when a state court declines to address a petitioner's federal claims because the petitioner fails to meet a state procedural requirement. *Id.* at 729-730, 111 S.Ct. at 2554; *see also Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (federal courts must honor legitimate state trial and appellate procedural rules when enforced by state courts and must decline to review on the merits claims that the state treats as barred absent a showing of cause for non-compliance with such rules and resulting prejudice); *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.) ("Pursuant to the doctrine of procedural default, a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and

actual prejudice from the default."), *cert. denied sub nom. Alderman v. Thomas*, 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994). "In these cases, the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730, 111 S.Ct. at 2554 (citations omitted).

The application of the independent and adequate state ground doctrine in the habeas context is grounded in concerns of federalism and comity. *Id.*

> Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

*Id.* at 730-731, 111 S.Ct. at 2554.

An additional consideration comes to the fore when the independent and adequate state ground supporting a petitioner's custody is a state procedural default. *Id.* at 731, 111 S.Ct. at 2554. The Supreme Court has long held

> that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. (citations omitted) This exhaustion requirement is also grounded in principles of comity; in a federal system, the States should have the opportunity to address and correct alleged violations of state prisoners' federal rights.
>
> .     .     .
>
> [A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirement for exhaustion; there are no state remedies any longer "available" to him. (citations omitted) In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able

> to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

*Id.* at 731, 732, 111 S.Ct. at 2554-2555, 2555.

In the habeas context, federal courts are to "presume that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" *Id.* at 735, 111 S.Ct. at 2557 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-1041, 103 S.Ct. 3469, 3476-3477, 77 L.Ed.2d 1201 (1983)); *see Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989) ("[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."). In all other cases, the presumption is not applicable. *See Coleman*, 501 U.S. at 739, 111 S.Ct. at 2559. In *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the Supreme Court held that the *Harris v. Reed* presumption is inapplicable to a claim that is never presented to the state courts. *Id.* at 299, 109 S.Ct. at 1069 ("The rule announced in *Harris v. Reed* assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). Moreover, the presumption "looks through" unexplained orders to the last reasoned decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 804, 111 S.Ct. 2590, 2595, 115 L.Ed.2d 706 (1991).

> Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground. If an earlier opinion "fairly appear[s] to rest primarily upon federal law," *Coleman*,[___ U.S., at ___, 111 S.Ct., at 2559], we will presume that no procedural default has been invoked by a subsequent unexplained order that leaves the judgment or its consequences in place. Similarly where . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.

501 U.S. at 803, 111 S.Ct. at 2594. Also, the presumption may not be applied in cases in which the state court opinion did not, at a minimum, discuss the federal grounds at issue. *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993) ("*Coleman* and *Ylst* lead us to conclude that we may not assume that had the state court issued an opinion, it would have ignored its own procedural rules and reached the merits of this case. In fact, the most reasonable assumption is that had the state court ruled, it would have enforced the procedural bar."). Finally, "where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim." *Alderman v. Zant, supra*, 22 F.3d at 1549.

When a petitioner has procedurally defaulted a claim, a federal court is barred from reaching the merits of that claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman, supra*, 501 U.S. at 750,

111 S.Ct. at 2565. The cause and prejudice standard applies "uniformly to all independent and adequate state procedural defaults." *Id.* at 750-751, 111 S.Ct. at 2565.

> In procedural default cases, the cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court. Objective factors that constitute cause include interference by officials that makes compliance with the state's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel. In addition, constitutionally [i]neffective assistance of counsel is cause. Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default. Once the petitioner has established cause, he must show actual prejudice resulting from the errors of which he complains.

> Federal courts retain the authority to issue the writ of habeas corpus in a further, narrow class of cases despite a petitioner's failure to show cause for a procedural default. These are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime. We have described this class of cases as implicating a fundamental miscarriage of justice.

*McCleskey v. Zant*, 499 U.S. 467, 493-494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991) (internal quotation marks and citations omitted).

In his answer, respondent asserts that all of petitioner's claims are procedurally defaulted, two under *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) ("[I]n order to exhaust state remedies as to a federal constitutional issue a prisoner is required to file a petition for discretionary review in the state's highest court raising that issue, if discretionary review is part of the appellate procedure in the state.") due to petitioner's failure to raise these claims in Alabama's appellate courts. And, according to the respondent,

Johnson defaulted his sentencing range claim given the finding by the Alabama Court of Criminal Appeals that this claim was not raised in the trial court. (*See* Doc. 11, at 12.)

It is clear to the undersigned that Johnson has procedurally defaulted his ineffective assistance of counsel and "treatment of the pleas" claims based upon the reason previously identified. More specifically, petitioner did not raise the ineffective assistance of counsel claims on appeal to Alabama's appellate courts following the trial court's denial of his Rule 32 petition, and he failed to include his "treatment of the pleas" claim in his petition for writ of certiorari to the Alabama Supreme Court.[5] *Cf. Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001) ("[T]here is no doubt that Alabama's discretionary review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule."), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002). Thus, this Court is procedurally barred from reaching the merits of these two claims pursuant to *Boerckel, supra*, 526 U.S. at 848, 119 S.Ct. at 1734 (a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has not properly presented unless claims and, therefore, has procedurally defaulted same), unless petitioner can establish that either the cause and prejudice or fundamental miscarriage of justice exception is applicable to his case, *Smith, supra,* 256 F.3d at 1138.

---

[5] This Court agrees with petitioner that he did not procedurally default his sentencing range claim. Although the Alabama Court of Criminal Appeals determined that Johnson did not raise the gun enhancement issue in the trial court (*see* Doc. 11, Exhibit 4, at 3), this Court cannot agree (*see* Doc. 11, Exhibit 1, at 61).

In response to this Court's show cause order, petitioner has established neither exception with respect to his "treatment of the pleas" claim (*see* Doc. 13, at 3) and, in truth, sets forth only a "cause" argument with respect to his ineffective assistance of counsel claims. More specifically, Johnson contends that he did not know he could raise his ineffective assistance of counsel claims on appeal of the denial of his Rule 32 petition and his "new attorney" did not advise him that he could raise such claims on appeal (*id.* at 2).

Johnson's ignorance of the law argument simply does not constitute cause to excuse the procedural default in this case inasmuch as "neither an inmate's lack of legal knowledge, his failure to understand legal principles nor . . . ignorance of the law . . . establish cause for a procedural default." *Smith v. Holt,* 2008 WL 1929905, *20 (M.D. Ala. Apr. 29, 2008) (numerous citations omitted). Moreover, Johnson's "new attorney" argument avails him no "cause" traction both because Jason Darley was not appointed to represent petitioner in connection with any continued prosecution of his Rule 32 petition,[6] and because there is no right to legal representation in collateral actions, *see Whiddon v. Dugger,* 894 F.2d 1266, 1267 (11th Cir.) ("Because there is no right to legal counsel in collateral proceedings, . . . poor advice about such proceedings from a state-provided lawyer or inmate law clerks will not establish petitioner's claim of 'cause.'"), *cert. denied,* 498 U.S. 834, 111 S.Ct. 102, 112 L.Ed.2d 73 (1990). Thus, any alleged advice Darley should have given Johnson cannot establish cause for the

---

[6]     Instead, Darley was appointed to represent Johnson solely with respect to the second-degree assault charge that was set-aside on February 6, 2012.

procedural default of petitioner's ineffective assistance of counsel claims.

The fundamental miscarriage of justice/actual innocence exception does not apply in this case because petitioner has not satisfied the standard set forth in *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). That standard requires Johnson to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 496, 106 S.Ct. at 2649-2650. To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995); *see also id.* at 327, 115 S.Ct. at 867 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."). Petitioner has never contended that the actual innocence exception is applicable in his case. (*See* Doc. 13) However, even if petitioner had made such an argument, in light of his failure to come forward with any new reliable evidence that establishes his actual innocence of first-degree assault, this case is not one of those rare cases in which the actual innocence exception is applicable.

**B.**     <u>**Johnson's Sentencing Range Claim.**</u>

Johnson contends that the Mobile County Circuit Court failed to properly inform him of the minimum and maximum range of punishment he was facing

inasmuch as "he was not advised of the firearm enhancement under 13A-5-6(a)(5)." (Doc. 1, Attachment, at 7.) And while petitioner does make reference to *Boykin v. Alabama*, 395 U.S. 238, 244 n.7, 89 S.Ct. 1709, 1713 n.7, 23 L.Ed.2d 274 (1969), for the proposition that pleas of guilty are insulated from attack only if "'the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged, and the permissible range of sentences[,]'" there can be little question that petitioner's specific argument in this case is entirely dependent upon state law, that is, the firearm enhancement provision of § 13A-5-6(a)(5), inasmuch as Johnson was properly advised of the range of punishment he faced for first-degree assault, after having previously been convicted of three felonies, *compare* Ala.Code § 13A-6-20(b) ("Assault in the first degree is a Class B felony.") *with* Ala.Code § 13A-5-9(c)(2) ("In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he or she must be punished as follows: . . . (2) On conviction of a Class B felony, he or she must be punished by imprisonment for life or any term of not less than 20 years."). [7] Because petitioner's sentencing range claim is dependent upon interpretation and

_____

[7]      As previously referenced, Johnson was specifically informed by the trial court during the change of plea proceeding on May 18, 2009, that the range of punishment upon conviction of first-degree assault with three prior felony convictions was twenty years to life. (*See* Doc. 11, Exhibit 1, Proceedings for May 18, 2009, at 2 ("[I]f you are found guilty by a jury in this courtroom on the assault-one charge, since it's a Class B felony and because of your three or more prior felony convictions, you would be subject to the Habitual Offender Act, and the Court could sentence you to a term in prison ranging from twenty years up to and including life in the state penitentiary[.]").)

application of § 13A-5-6(a)(5) of the Alabama Code, it is a question of pure state law not cognizable on federal habeas corpus review, *compare Carrizales v. Wainwright,* 699 F.2d 1053, 1054-1055 (11th Cir. 1983) ("Questions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes.") *with Rodak v. Secretary, Dep't of Corrections,* 2013 WL 4780132, *6 (N.D. Fla. Sept. 5, 2013) ("A habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. . . . A federal writ of habeas corpus is only available in cases of federal constitutional error."); *see Hawes v. Perry,* 2013 WL 3784157, *10 (S.D. Ga. Jul. 18, 2013) ("Although Hawes attempts to frame this allegation as a violation of his due process rights, he actually attacks the Georgia trial court's application of Georgia law to his case. In reviewing this identical allegation on Hawes' direct appeal, the Georgia Court of Appeals found that the trial court correctly applied Georgia <u>Uniform Superior Court Rule 33.6(B)</u> in enhancing Hawes' sentence following his jury trial conviction. . . . Hawes contests the state court's determination of state law. Hawes fails to state a claim for relief in habeas corpus, as he does not allege a violation of 'clearly established federal law' as required under § 2254(d); therefore, Hawes is not entitled to relief on this ground."); *Deharobernal v. Secretary, Dep't of Corrections,* 2010 WL 813446, *3 (M.D. Fla. Mar. 9, 2010) ("Petitioner complains that his ten-year minimum mandatory sentence violates the legislative intent expressed in <u>Section 775.087, Florida Statutes</u>. Specifically, Petitioner asserts that the Florida

Legislature did not intend the statute to apply when the offender does not have a violent criminal history, or here the weapon used during the commission of the crime was not used to threaten the victim. This claim is a state law sentencing issue not cognizable on § 2254 federal habeas review.").

Even if this Court was to ignore the decidedly state-law nature of the claim, petitioner is entitled to no relief because his claim has no merit. This is because "'unlike the firearm or deadly weapon enhancement, there is no need to read'" § 13A-5-9(c)(2) "'*in pari materia* with other statutes to ascertain the statutory minimum and maximum sentence.'" *Ex parte State of Alabama (In re Lane v. State),* 66 So.3d 824, 829 (Ala. 2010), quoting *Lane v. State,* 66 So.3d 812, 821 (Ala.Crim.App. 2009) (Windom, J., dissenting). In other words, the trial court in this case properly looked to § 13A-5-9(c)(2) of Alabama's Habitual Felony Offender Act alone to advise Johnson of the range of sentencing he faced upon conviction of first-degree assault, without any need to look to or consider § 13A-5-6(a)(5). *See id.* (recognizing that the firearm enhancement in § 13A-5-6(a)(5) "'affects only the minimum sentence for Class B and Class C offenders,'" whereas "'Alabama's Habitual Felony Offender Act enhances both the minimum and the maximum sentences available for habitual felons.'").

**C.** **Certificate of Appealability**.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied primarily on procedural grounds without reaching the merits of the putative constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[,]" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000), but also (albeit begrudgingly) on the merits of one claim, such that a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]" *id.*; *see also id.* at 483-484, 120 S.Ct. at 1603-1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"); *see Miller-El v. Cockrell*, 537 U.S. 322, 336,

123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether    (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as petitioner has defaulted two of the claims he wishes this Court to address pursuant to *O'Sullivan v. Boerckel, supra*, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Johnson should be allowed to proceed further, *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Furthermore, as for petitioner's sentencing range claim, it is recommended that the Court find that reasonable jurists could not debate whether his § 2254 habeas petition should be resolved in a different manner or that the issue presented is adequate to deserve encouragement to proceed further.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA

11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report & recommendation adopted by* 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge is of the opinion that petitioner's rights were not violated in this cause and that his request for federal habeas corpus relief, pursuant to 28 U.S.C. § 2254 (Doc. 1), should be **DENIED**. Johnson is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal in forma pauperis.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual*

*findings.*" *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 21st day of October, 2014.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**